# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHAM MANGALVEDKAR | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-493 |
| | § | (Judge Mazzant/Judge Nowak) |
| DR. MARK TAYLOR AND | § | |
| DR. ARTHUR SOULE | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report and recommendation of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 9, 2015, the report and recommendation of the Magistrate Judge was entered (Dkt. #38) containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (Dkt. #32) be granted, and Plaintiff's claims be dismissed with prejudice. Having received the report and recommendation of the Magistrate Judge (Dkt. #38), having considered Plaintiff's timely filed objections (Dkt. #39), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and hereby adopts the Magistrate Judge's report and recommendation (Dkt. #38) as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case originate from Plaintiff's termination of employment with the Department of Veteran's Affairs ("VA"). The facts are set out in further detail by the Magistrate Judge, and need not be repeated in their entirety herein (*see* Dkt. #38). In summary, Plaintiff asserts that Drs. Mark Taylor ("Dr. Taylor") and Arthur Soule ("Dr. Soule") (collectively

"Defendants") violated Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights (hereinafter the "*Bivens* claims") (Dkt. #7 at 18). Specifically, Plaintiff alleges that Dr. Taylor, without Plaintiff's permission, searched Plaintiff's patient records – in violation of Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure – and used such information to fabricate charges of Plaintiff's professional incompetence. *Id*. at 10-11. Plaintiff maintains that Dr. Taylor reported these fabricated charges to Dr. Soule, who thereafter instructed Plaintiff he was no longer allowed to see patients. *Id*. Plaintiff asserts that no due inquiry was made into the veracity of Dr. Taylor's allegations of professional incompetence before terminating Plaintiff, resulting in a violation of Plaintiff's Fifth Amendment due process rights.[1] *Id*. at 10.

On July 31, 2014, Plaintiff filed his Original Complaint against Robert A. McDonald ("McDonald"), Secretary of Veterans Affairs, alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 (Dkt. #1). On November 11, 2014, Plaintiff filed an Amended Complaint adding Defendants and alleging the *Bivens* claims (Dkt. #7). All claims against McDonald were dismissed by the Court with prejudice on March 3, 2015 (Dkt. #27). On May 18, 2015, Defendants filed a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (Dkt. #32). On June 15, 2015, Plaintiff filed his Response (Dkt. #35), and on June 25, 2015, Defendants filed a Reply (Dkt. #36). The Magistrate Judge entered a report and recommendation on October, 9, 2015, recommending dismissal of each of Plaintiff's remaining claims (Dkt. #38), and Plaintiff timely filed objections on October 23, 2015 (Dkt. #39). Plaintiff asserts two objections: (1) the Magistrate Judge improperly found Plaintiff's claims time-barred;

---

[1] The Magistrate Judge correctly found, and Plaintiff does not dispute, that the Due Process Clause of the Fourteenth Amendment applies only as against states (Dkt. #38 at 7). *See* U.S. Const. amend. XIV, § 1. Both Defendants herein are individual, federal employees; accordingly, the Fourteenth Amendment is not applicable to Plaintiff's claims and the Court will address only Plaintiff's Fourth and Fifth Amendment *Bivens* arguments. *Id*.

2

and, (2) the Magistrate Judge improperly failed to address Defendants' qualified immunity argument (Dkt. #39 at 2).

## PLAINTIFF'S OBJECTIONS

### *Objection 1 – Plaintiff's Bivens Claims are Barred by the Applicable Statute of Limitations*

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's *Bivens* claims are barred by limitations (Dkt. #39 at 2). Specifically, Plaintiff asserts that since his injuries occurred in the context of an employment contract and/or arise from contract, the applicable statute of limitations is six (6) years, not the two (2) year limitations period applicable to a personal injury action. *Id*. at 3. Plaintiff attests that Defendants' "injurious actions" resulted in damages "including but not limited to those monetary in nature" and "which were owed to [Plaintiff] based on *contractual rights* he had with the [VA]." *Id*. (emphasis in original). Plaintiff further contends that this contractual right conferred on him certain property rights, which were then taken away from him in violation of the due process clause of the Fifth Amendment – hence giving rise to the instant *Bivens* claims. *Id*. While Plaintiff agrees that Alabama law is applicable here, Plaintiff alleges that the Magistrate Judge failed to give due consideration to the "essential nature" of his *Bivens* claims for statute of limitations purposes.[2] *Id*. at 4.

The Magistrate Judge found that Plaintiff's *Bivens* claims are subject to Alabama's two-year personal injury statute of limitations and are time-barred (Dkt. #38 at 12). The statute of limitations for a *Bivens* action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Spotts v. U.S.*, 613 F.3d 559, 573 (5th Cir. 2010). Furthermore, "[a] claim to monetary damages under *Bivens* accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Garcia v. U.S.*, No. EP-11-

---

[2] The Magistrate Judge correctly noted, and Plaintiff does not dispute, that even if Plaintiff's injuries took place in Texas, the relevant limitations period would still be two (2) years, and thus the outcome remains the same (Dkt. #38 at 11 n.3).

3

MC-87-KC, 2013 WL 3166599, at *4 (W.D. Tex. June 20, 2013) (quoting *Adrian v. Selbe*, 364 F. App'x 934, 937 (5th Cir. 2010)). The Magistrate Judge found that Plaintiff filed his Complaint on July 31, 2014 (Dkt. #1), but undisputedly knew or had reason to know of his injury in February 2012, the date he received the termination letter (Dkt. #38 at 12).³ The Magistrate Judge, after applying the two year statute of limitations, determined that Plaintiff's Bivens claims are time-barred. *Id*. The Magistrate Judge declined to apply Alabama's six-year statute of limitations (Dkt. #38 at 13). Specifically, the Magistrate Judge noted, after careful review of Plaintiff's Amended Complaint, that Plaintiff's *Bivens* claims are the result of constitutional violations (not breaches of contract), and that such claims are only cognizable if Plaintiff alleges a violation of a constitutional right. *Id*.; *see also Cent. Claims Serv., Inc. v. Comput. Sci. Corp.*, 706 F. Supp. 463, 467-68 (E.D. La. 1989). Consequently, the Magistrate Judge found Plaintiff's *Bivens* claims time-barred (Dkt. #38 at 12). For the following reasons, the Court agrees.

Plaintiff correctly asserts that the statute of limitations for a *Bivens* action is the same as the statute of limitations for a cause of action brought under § 1983 (Dkt. #39 at 2). *See Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996). Plaintiff also correctly asserts that claims brought under § 1983 are characterized as personal injury actions for statute of limitations purposes (Dkt. #39 at 2). *See Owens v. Okure*, 488 U.S. 235, 240-42 (1989). However, Plaintiff mistakenly contends that because his claims are purportedly contractual in nature and/or arise from a contract a six-year limitations period should be applied rather than a two-year limitations period (Dkt. #39 at 3). In support of this mistaken allegation, Plaintiff cites the Eleventh Circuit opinion in *Jones v. Preuit & Maudlin* and argues that the "essential nature" of his claim is analogous to a breach of contract claim. *Id*. at 4 (citing *Jones v. Preuit & Maudlin*, 763 F.2d

---

³ The Magistrate Judge correctly states, and Plaintiff does not dispute, that Plaintiff knew his injury began to accrue on the date he received the termination letter, which is February 27, 2012 (Dkt. # 7 at 19).

1250 (11th Cir. 1985)). The Court first notes that while *Jones* discusses the applicable statute of limitations for § 1983 claims, the United States Supreme Court has since explicitly rejected the practice advocated in *Jones* of selecting the state statue of limitations 'most analogous' or 'most appropriate' to a particular § 1983 claim. *Topping v. U.S. Dept. of Educ.*, 510 F. App'x. 816, 818-19 (11th Cir. 2013) (citing *Owens*, 488 U.S. at 248-50); *see also Kendrick v. Jefferson County Bd. Of Educ.*, 932 F.2d 910, 913 (11th Cir. 1991). Since *Owens*, the Eleventh Circuit has consistently held that the 'essential nature' of the § 1983 claim is no longer pertinent to the statute of limitations question; rather, "[i]n *Owens*, the Supreme Court rejected the [*Jones*] approach to the selection of the proper statute of limitations for section 1983 suits and held that the proper statute of limitations for section 1983 actions is the forum state's general or residual statute of limitations for personal injury actions." *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (citing *Owens*, 488 U.S. at 249-50); *see also Kendrick*, 932 F.2d at 913 ("In 1989, the Supreme Court's decision in [*Owens*], established a two-year statute of limitations period in Alabama for section 1983 actions."). Eleventh Circuit opinions subsequent to *Jones* have clearly held that the statute of limitations for a § 1983 cause of action is the two-year personal injury limitations period, and as such, the Court does not find *Jones* persuasive authority.[4] *See e.g., id.*; *see also McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)

Current Alabama case law clearly establishes "that a *Bivens* action is governed by the same statute of limitations as would a § 1983 action" and, thus, Plaintiff's *Bivens* claims have a two-year personal injury limitations period. *Kelly*, 87 F.3d at 1238. Plaintiff knew or should have known of his injury in February 2012 (Dkt. #38 at 12), but filed his Original Complaint on July 31, 2014 (Dkt. #1), months after the two-year limitations period expired. Accordingly,

---

[4] Even if the Court were to apply the "most analogous claim" test, as Plaintiff advocates for under *Jones*, Plaintiff's claims would remain barred because they are not, as Plaintiff advocates, a result of a breach of contract but are constitutional violation claims (*see* Dkt. 11).

5

Plaintiff's *Bivens* claims, as governed by Alabama's two-year statute of limitations, are time-barred and Plaintiff's first objection is overruled.

*Objection 2 – Failure to Address the Issue of Qualified Immunity*

Plaintiff next objects to the Magistrate Judge's finding that the qualified immunity issue need not be addressed (Dkt. #39 at 4). The Magistrate Judge found that "[b]ecause the Court has concluded that Plaintiff's *Bivens* claims should be dismissed because they are barred by limitations, the Court need not address herein whether Defendants are entitled to qualified immunity on those claims" (Dkt. #38 at 15). The Court agrees. The qualified immunity issue is not reached because Plaintiff's *Bivens* claims are time-barred. Plaintiff's second objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #38), having considered each of Plaintiff's timely filed objections (Dkt. #39), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #38) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants Drs. Mark Taylor and Arthur Soule's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (Dkt. #32) is **GRANTED**, and Plaintiff's case is **DISMISSED** with prejudice as barred by statute of limitations.

All relief not previously granted is **DENIED**. The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**
**SIGNED this 29th day of October, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE